UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE: 

CASE NO.

FERINA HERRING MERRITT

04-09942-8-ATS

DEBTOR

ORDER REGARDING OBJECTION TO CONFIRMATION
AND OBJECTION TO VALUATION

The matters before the court are the objection to confirmation and objection to valuation filed by American Honda Finance Corporation ("AHFC"). A hearing took place in Raleigh, North Carolina on May 3, 2005.

Ferina Herring Merritt filed a petition for relief under chapter 13 of the Bankruptcy Code on December 28, 2004. AHFC holds a lien on two vehicles owned by the debtor: a 2004 Honda Pilot EX, and a 2004 Honda Civic Coupe DX. Ms. Merritt purchased the Pilot on November 26, 2004, only 32 days before filing bankruptcy, and she financed the amount of $35,692.39 with AHFC. Ms. Merritt has never made any payments on the Pilot. Ms. Merritt purchased the Civic on July 31, 2004, five months before filing bankruptcy, and she financed the amount of $18,407.49 with AHFC.

Ms. Merritt's chapter 13 plan proposes to pay AHFC's claim for the Pilot as secured in the amount of $23,500, and the claim for the Civic as secured in the amount of $13,000. The NADA retail value for the

Pilot as of January 2005 was $29,470, while the NADA retail value for the Civic was $14,050. AHFC objects to confirmation of the plan and objects to the values placed on the vehicles, contending that the debtor's attempt to "cram down" its claim on a car purchased one month prior to bankruptcy constitutes bad faith.

While the debtor proposed to treat AHFC's claim related to the Pilot as secured in the amount of $23,500, the trustee's proposed plan treats AHFC as secured in the amount of $29,470 with interest at 7 percent. The trustee also proposes to treat AHFC as secured in the amount of $13,900 with interest at 7 percent on the claim secured by the Civic.

The documents show that the purchase price of the Pilot was $27,493.89, but Ms. Merritt also traded-in a 2004 Honda Odyssey with negative equity. As a result, AHFC financed a total of $35,692.39. AHFC also received the trade-in vehicle, and presumably liquidated it. Had AHFC recovered the trade-in vehicle without financing a new purchase, it would be left with only an unsecured deficiency claim against the debtor related to that vehicle. It is not bad faith for the debtor to treat AHFC as unsecured with respect to that portion of its claim related to the financing of the negative equity on the trade-in vehicle, but it would be bad faith to cram down the claim for less than the actual purchase price of the Pilot. It appears that the

2

trustee's proposed secured claim of $29,470 exceeds the purchase price for the Pilot, and that treatment is acceptable.

With respect to the claim secured by the Civic, AHFC should receive a secured claim at the highest value for the Civic, or the NADA retail value of $14,050. Though the court does not find that the plan was proposed in bad faith, the fact that the debtor purchased two vehicles within a short time before filing and is creating a large unsecured claim based on the financing of the negative equity in the trade-in dictates that AHFC should receive the benefit of the highest collateral value.

Based on the foregoing, the objection to confirmation and the objection to valuation are **DENIED** provided that AHFC is treated as secured in the amount of $29,470 plus interest at 7 percent for the Honda Pilot, and as secured in the amount of $14,050 plus interest at 7 percent for the Honda Civic, with the balance of the claim to be treated as unsecured.

**SO ORDERED.**

DATED: May 4, 2005

> s/ A. Thomas Small
> A. Thomas Small
> Bankruptcy Judge